UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Willie Mack, Jr., ) | C/A No. 9:15-2128-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| John David Burgess, *Spartanburg City Police, In His Individual and Official Capacities*; George David Reeves, *Custodian of Evidence for the Spartanburg City Police Department, In His Individual and Official Capacities*; Manuel J. Ortuno, *Forensics Analyst of South Carolina Law Enforcement Division, In His Individual and Official Capacities*; Anthony C. Leibert, *Solicitor and State Attorney for Spartanburg County/City, In His Individual and Official Capacities*; Barry Joe Barnette, *Solicitor and State Attorney for Spartanburg County/City, In His Individual and Official Capacities*; ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

The Plaintiff, John Willie Mack, Jr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. Plaintiff alleges violations of his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se

1

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff was convicted (jury trial) on February 23, 2011 of Burglary in the First Degree and Grand Larceny. See Complaint, ECF No. 1 at 5; Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=K112715&CaseType=C; http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42001&Casenum=K112716&CaseType=C. After his application for post-conviction relief (2013-CP-42-02063) was denied, Plaintiff filed an appeal on April 21, 2015, which is currently pending. See Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42002&Casenum=2013CP4202063&CaseType=V. Plaintiff alleges that his Sixth and Fourteenth Amendment rights were

2

violated because his convictions were based on swab blood and DNA evidence, but the "tangible objects" (a light switch, a bookshelf, and an entertainment center) from which the swabs were taken were never turned over to him. Plaintiff states that he is seeking the tangible objects which he claims were "handed over to" Spartanburg County/City Solicitors Leibert and Barnett. ECF No. 1 at 5. Plaintiff requests that this Court order that Defendants turn the tangible objects over to him. He claims that he needs these items so that he can exhaust his administrative remedies in the South Carolina Court of Appeals. Alternatively, if these items cannot be found, Plaintiff requests that he be "Freed ASAP." Id. at 6.

Initially, to the extent that Plaintiff is requesting to be released from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Id. at 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. As such, if Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.

Further, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44



3

(1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50–53 (4th Cir.1989). Although Plaintiff has been convicted, he has a pending appeal of his post-conviction relief proceedings with which this Court should not interfere. See, e.g., Howell v. Wilson, No. 4:13–2812–JFA–TER, 2014 WL 1233703, at *3 (D.S.C. Mar. 25, 2014)[Finding that Plaintiff's "pending DNA application and his PCR applications are still part of his 'pending criminal case' as that terminology is understood under Younger and its progeny.]; Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5 (N.D.Ill.2000) [presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings]; Lockheart v. Chicago Police Dept., No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug.17, 1999) [applying Younger because post-conviction proceedings were pending].

To the extent Plaintiff is requesting mandamus relief, this action should be dismissed because a writ of mandamus is a drastic remedy which is infrequently used by federal courts and is usually limited to cases where a federal court is acting in aid of its own jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Court of Mecklenburg Cnty, 411 F.2d 586, 587–88 & nn. 2–4 (4th Cir. 1969). Additionally, a federal district court may generally issue a writ of mandamus only against an employee or official of the United States; Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275–76 (5th Cir. 1973)[federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner]; see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001)[collecting cases]; In re Carr, 803 F.2d 1180, 1180 (4th Cir. Oct. 24, 1986)(unpublished opinion); and in Davis v. Lansing, 851 F.2d 72 (2d Cir. 1988), the Court of Appeals for the Second Circuit ruled that "[t]he federal courts have no general power to compel action by state officials[.]" Id. at 74; see also Craigo v. Hey, 624 F.Supp. 414 (S.D.W.Va. 1985).



4

Finally, with respect to Spartanburg County/City Solicitors Leibert and Barnette, these Defendants are entitled to summary dismissal for the additional reason that prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000); see also Carter v. Burch, 34 F.3d 257, 262-263 (4th Cir. 1994)[absolute immunity applies when a prosecutor is alleged to have withheld exculpatory evidence and conspired to present false testimony during trial]. In the instant action, Plaintiff's claims against Defendants Leibert and Barnette involve the prosecution of Plaintiff's criminal case. Therefore, these Defendants are protected from Plaintiff's claims for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process].

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has also filed a motion for a preliminary injunction asking that this Court order the Defendants to provide Plaintiff with the tangible items of the bookshelf, lightswitch, and entertainment center. He also requests that he be placed in the Spartanburg County Jail "to be out [of] harms way of serious convicted inmates."



5

Injunctive relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342, 346-347 (4th Cir. 2009), judgment vacated on other grounds by, Real Truth About Obama, Inc. v. Federal Election Comm'n, 558 U.S. 1089 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. Real Truth, 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." Real Truth, 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22).

Here, analysis of the four factors reveals that Plaintiff's motion for preliminary injunction fails. First, as discussed above, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. As to the second factor, Plaintiff has not made a clear showing that he is likely to be irreparably harmed if preliminary relief is denied. While he claims that he suffers from serious physical and emotional injuries, he has provided no evidence of such injuries and fails to show how a lack of inspection of these items will cause injury. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer



6

irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"]. Third, Plaintiff has not shown that the balance of equities tips in his favor. Finally, Plaintiff has not shown that an injunction is in the public interest.

### Recommendation

Based on the foregoing, it is recommended that the Court **deny** Plaintiff's motion for a preliminary injunction (ECF No. 3) and **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

July 30, 2015
Charleston, South Carolina



7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



8